*For reversal*—THE CHIEF JUSTICE, SWAYZE, KATZEN-BACH, WILLIAMS, JJ. 4.

THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. STANISLAUS BELKOTA, PLAINTIFF IN ERROR.

Submitted December 6, 1920—Decided February 28, 1921.

1. Where a party removes a judgment against him in a trial court into the Supreme Court for review and there abandons the appeal, for which reason the judgment is affirmed in that tribunal, and he then removes the Supreme Court's judgment into this court for review, he will not be heard here, because not entitled to raise questions in this court that he did not present and argue in the Supreme Court.
2. On error from this court to the Supreme Court the appealing party is not entitled to be heard where he does not assign error on the judgment of the Supreme Court, but only alleges error on the record made in the trial court.

On error to the Supreme Court.

For the plaintiff in error, *Frank M. McDermit.*

For the state, *J. Henry Harrison,* prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR.    The plaintiff in error was con-victed in the Essex Quarter Sessions of assault and battery with intent to carnally abuse Mary Tylecki. A writ of error to the Supreme Court was sued out and in that tribunal a *per curiam* was filed, which reads as follows:

"The writ in this cause brings up a conviction had on an indictment charging the defendant with assault and carnal

abuse. The case was regularly placed upon the list at the present term, and on the first call it was agreed by counsel that it should be submitted on briefs. Counsel for the plaintiff in error, notwithstanding this agreement, has failed to furnish the court with any brief on behalf of his client. In this situation of the case the state is entitled to judgment in its favor. (Supreme Court rule No. 102.) It will be so ordered."

So much of the rule mentioned (102) as is applicable, provides that if the party noticing the cause shall not bring on the argument the opposite party shall be entitled to a dismissal or a judgment in his favor, unless the court shall otherwise order. The court in this case chose to affirm the judgment of the Quarter Sessions, and judgment of affirmance was accordingly entered in the Supreme Court. That judgment, drawn and entered by counsel, contains an inadvertent misrecital, for it states that the cause having been duly submitted and the court having considered the matter and finding no error in the record, the judgment is affirmed, &c. It should have recited the default of the plaintiff in error as the reason for the affirmance.

Upon the judgment of affirmance in the Supreme Court, the defendant in error sued out a writ of error to this court, and again it was agreed that the cause should be submitted on briefs, and briefs by both sides were submitted. Notwithstanding the course taken by counsel there is nothing before this court entitling the plaintiff in error to have the case considered here.

It has been repeatedly decided that a question not presented and argued in the court below will be held to have been waived and abandoned and will not be considered in an appellate tribunal. *State* v. *Heyer,* 89 *N. J. L.* 187, 192; *Shaw* v. *Bender,* 90 *Id.* 147, 150. But it is otherwise if the question goes to the jurisdiction or involves public policy. *State* v. *Shupe,* 88 *Id.* 610. And the court itself may notice these questions, even if not raised. *McMichael* v. *Horay,* 90 *Id.* 142.

Now, in the case before us none of the errors assigned raise any question of jurisdiction or involve any question of public policy. In such a situation it would be singular indeed if a defeated party could sue out a writ of error to the Supreme Court and there abandon it, and then from the adverse judgment sure to follow, appeal to this court and ask us to reverse the Supreme Court for reasons which were never presented to, and, consequently, not considered by, that tribunal. If reversible error were made in the trial court, the Supreme Court, it will be presumed, would reverse if that error were properly raised and submitted to it. The idea that this court may reverse the Supreme Court for an error it did not commit is intolerable.

In the appellate proceedings in this court four errors are assigned upon the charge of the trial judge. This is bad. A good assignment here would be that the Supreme Court erred in giving judgment for the defendant in error instead of for the plaintiff in error, and that only. *State* v. *Verona,* 93 *N. J. L.* 389; *Thompson* v. *East Orange,* 94 *Id.* 106; *State* v. *Metzler, Id.* 418. There is no such assignment in this court. Therefore, for this additional reason, the defendant in error has not entitled himself to be heard here.

The views above expressed lead to an affirmance of the judgment upon the writ of error before us.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.  11.

*For reversal*—None.